**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
VICTOR JACKSON,                                                        :
                                                                       :
                                    Plaintiff,                         :
                                                                       :          11 Civ. 285 (RMB)
              -against-                                                 :
                                                                       :          **ORDER**
RIKERS ISLAND FACILITY,                                                :
                                                                       :
                                    Defendant.                         :
------------------------------------------------------------------------X

**I.    Background**

On or about December 27, 2010, Victor Jackson ("Plaintiff"), proceeding pro se, filed a

complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against "Rikers Island Facility" ("Rikers"

or "Defendant"), alleging, among other things, that from May 28, 2009 to June 2, 2009, while

Plaintiff was incarcerated and was awaiting trial, Defendant failed to take adequate precautions

to protect inmates from the H1N1 virus (commonly known as "Swine Flu").  (Compl., dated

Dec. 22, 2010, at 6.)  Plaintiff alleges he was thereby exposed to Swine Flu and was subjected to

an "unsafe environment" in violation of his rights under the Eighth Amendment.  (Compl. at 6.)

Plaintiff also contends that on June 2, 2009, after Plaintiff allegedly told a Rikers correctional

officer that he "wasn't feeling well," the officer replied "'too bad,' and slammed the door [to the

medical clinic] in [Plaintiff's] face," allegedly exhibiting deliberate indifference to Plaintiff's

serious medical needs in violation of Plaintiff's rights under the Eighth Amendment.  (Compl. at

4–5.)

On June 1, 2011, Defendant filed a motion to dismiss the Complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, arguing, among other things, that (1) the named

defendant, Rikers Island Facility, is "a non-suable entity"; (2) Plaintiff has not alleged "prison

conditions [that] rose to the level of seriousness which would amount to a constitutional violation"; and (3) "[P]laintiff acknowledges prompt . . . treatment of his symptoms," i.e., within ten minutes, after allegedly being denied access to treatment.  (Def.'s Mem. of Law in Supp. of Mot. to Dismiss, dated June 1, 2011 ("Def. Mem."), at 1–2, 4, 6.)

On or about June 27, 2011, Plaintiff filed an opposition, arguing, among other things, that the Complaint sufficiently alleged an "unsafe environment" by alleging that Plaintiff contracted Swine Flu which "would never ha[ve] happen[ed]" if Plaintiff had been kept "safe"; and the Rikers correctional officer's initial "den[ial] of medical [treatment]" constituted deliberate indifference to Plaintiff's serious medical needs.  (See Pl.'s Ltr. in Opp. to Defs.' Mem., dated June 21, 2011 ("Pl. Mem."), at 1.)[1]

On July 6, 2011, Defendant filed a reply.  (See Def.'s Reply Mem. of Law in Supp. of Mot. to Dismiss, dated July 6, 2011 ("Def. Reply").)

**For the following reasons, Defendant's motion to dismiss is granted.**

## II.    Legal Standard

"On a motion to dismiss a claim for relief pursuant to Rule 12(b)(6), a court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor."  Qasem v. Toro, 737 F. Supp. 2d 147, 150 (S.D.N.Y. 2010) (citing Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006)).  "This standard does not require 'heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'"  Hawkins v. Nassau Cnty. Corr. Facility, --- F. Supp. 2d ----, 2011 U.S. Dist. LEXIS 12182, at *4 (E.D.N.Y. Feb. 8, 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A complaint that includes only 'naked assertions' devoid of 'further

---

[1]       Plaintiff does not respond to Defendant's argument that Rikers is "a non-suable entity."

factual enhancement,' does not meet the facial plausibility standard." <u>Respass v. Murphy</u>, No. 3:10 Civ. 318, 2010 U.S. Dist. LEXIS 53898, at *2 (D. Conn. June 1, 2010) (quoting <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009)).

"Where, as here, the plaintiff is proceeding <u>pro se</u>, courts are obligated to construe the plaintiff's pleadings liberally." <u>Hawkins</u>, 2011 U.S. Dist. LEXIS 12182, at *5 (citing <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008)). "A <u>pro se</u> plaintiff's complaint, while liberally interpreted, still must state a claim to relief that is plausible on its face." <u>Id.</u> at *2 (citing <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009)).

## III. Analysis

Preliminarily, the cruel and unusual punishment proscription of the Eighth Amendment to the Constitution does not apply to a person detained prior to conviction. <u>See Caizzo v. Koreman</u>, 581 F.3d 63, 69 (2d Cir. 2009). "Instead, [such] a person . . . receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment." <u>Id.</u> Plaintiff was confined while awaiting trial during the alleged events from May 28, 2009 to June 2, 2009, and "wasn't a convicted prisoner." (Pl. Mem. at 1.) Accordingly, the Court analyzes the Complaint under the Fourteenth Amendment. (<u>See</u> Pl. Mem. at 1); <u>Caizzo</u>, 581 F.3d at 72; <u>Hawkins</u>, 2011 U.S. Dist. LEXIS 12182, at *5.

### (1)   Non-Suable Entity

Defendant argues that the named defendant, Rikers Island Facility, is "a non-suable entity." (Def. Mem. at 1.) Plaintiff, as noted, does not respond.

Rikers, which is part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently. <u>See Thomas v. Bailey</u>, No. 10 Civ. 51, 2010 U.S. Dist. LEXIS 15331, at *3–4 (E.D.N.Y. Feb. 22, 2010) (dismissing <u>pro se</u> plaintiff's claims

against Rikers) (citing Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000)); Paige v. City of N.Y. Corr. Dep't, No. 10 Civ. 6635, 2011 U.S. Dist. LEXIS 80294, at *3 (S.D.N.Y. July 15, 2011); Mitchell v. Dep't of Corr., No. 10 Civ. 292, 2011 U.S. Dist. LEXIS 14791, at *6 (Feb. 15, 2011); N.Y.C. Charter Ch. 17 § 396 (2009).  While these authorities are no doubt correct, because Plaintiff is proceeding pro se, the Court will construe the Complaint to assert claims against the City of New York, the proper defendant.  See Mitchell v. Dep't of Corr., No. 10 Civ. 0292, 2011 U.S. Dist. LEXIS 14791, at *6–7 (S.D.N.Y. Feb. 15, 2011); Rivera v. Rikers Island, No. 02 Civ. 1560, 2004 U.S. Dist. LEXIS 9833, at *4 (S.D.N.Y. May 13, 2004).  For the reasons discussed below, Plaintiff does not prevail.

      **(2)**     **Unsafe Environment**

Defendant argues, among other things, that an allegation of "expos[ure] to Swine Flu" does not "rise to the level of seriousness which would amount to a constitutional violation." (Def. Mem. at 6; Def. Reply at 3.)  Plaintiff counters that if he had been detained under "safe" conditions, he "would never ha[ve]" been exposed to Swine Flu.  (Pl. Mem. at 1.)

To establish a claim of unsafe living conditions, Plaintiff must allege that he is "incarcerated under conditions posing a substantial risk of serious harm."  Roseboro v. Gillespie, No. 10 Civ. 3269, 2011 U.S. Dist. LEXIS 55053, at *75 n.33 (S.D.N.Y. May 24, 2011); Jenkins v. Fischer, No. 9:08 Civ. 45, 2010 U.S. Dist. LEXIS 142094, at *26 (N.D.N.Y. Sept. 8, 2010) (citing Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002)); Desulma v. City of N.Y., No. 98 Civ. 2078, 2001 U.S. Dist. LEXIS 9678, at *18–19 (S.D.N.Y. July 26, 2001).  Exposure to swine flu, in and of itself, does not involve an "unreasonable risk of serious damage to future health," and does not constitute "a deprivation of basic human needs that was objectively sufficiently serious."  (See Pl. Mem. at 1); Glaspie v. N.Y.C. Dep't of Corr., No. 10 Civ. 188, 2010 U.S.

Dist. LEXIS 131629, at *3 (S.D.N.Y. Nov. 30, 2010); see also Ayala v. N.Y.C. Dep't of Corr.,

No. 10 Civ. 6295, 2011 U.S. Dist. LEXIS 50131, at *5 (S.D.N.Y. May 9, 2011) ("Absent any

indication that the defendants ignored willfully the swine flu outbreak in their facilities, the

plaintiff's infection, though unfortunate, is insufficient to support [an unsafe environment]

claim.").

    **(3)    Deliberate Indifference**

    Defendant argues, among other things, that "Plaintiff acknowledges prompt . . . treatment

of his symptoms," conceding that "he was brought to the clinic within minutes of feeling ill and

admitted to the hospital unit" at Rikers.  (Def. Mem. at 6; Def. Reply at 4.)  Plaintiff argues,

among other things, that the ten minute denial of medical treatment is a sufficiently serious

deprivation of Plaintiff's rights.   (See Pl. Mem. at 1.)

    A plaintiff claiming deliberate indifference must show that the alleged deprivation is

"objective[ly] . . . sufficiently serious."  Purdie v. City of N.Y., No. 10 Civ. 5802, 2011 U.S.

Dist. LEXIS 27866, at *8 (S.D.N.Y. Mar. 14, 2011); see also Barnes v. N.Y.C. Dep't of Corr.

Med. Dep't C-74, No. 11 Civ. 3565, 2011 U.S. Dist. LEXIS 74622, at *7 (S.D.N.Y. July 8,

2011).  Allegations of a short-term delay in treatment do not "rise to [the] constitutional level"

where, as here, such delay does not result in "death, degeneration or extreme pain."  Barnes,

2011 U.S. Dist. LEXIS 74622, at *7–11.

    Plaintiff's Complaint states that a "correctional officer . . . took [Plaintiff] to the

[medical] clinic . . . ten minutes after [requesting medical assistance]," and does not allege a

constitutional deprivation.  (Compl. at 4–5); Barnes, 2011 U.S. Dist. LEXIS 74622, at *7; see

White v. Sears, No. 9:10 Civ. 0721, 2011 U.S. Dist. LEXIS 74689, at *18 (N.D.N.Y. June 20,

2011).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**IV.     Conclusion and Order**

For the reasons stated herein, Defendant's motion to dismiss [#16] is granted. The Clerk of Court is respectfully requested to close this case.


Dated: New York, New York
         August 2, 2011

RICHARD M. BERMAN, U.S.D.J.

6